# In the United States Court of Federal Claims

No. 13-353 T
(Filed January 18, 2017)

**UNPUBLISHED**

```
* * * * * * * * * * * * * * * * * * * *
J.J. POWELL, INC.,                    *
                                      *
            Plaintiff,                *    Reconsideration; RCFC 59.
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
            Defendant.                *
* * * * * * * * * * * * * * * * * * * *
```

## **ORDER**

The court has before it plaintiff's Motion for Modification of Order, filed November 28, 2016. Despite its title, plaintiff's motion is, in effect, a motion for reconsideration of the court's opinion on the merits of plaintiff's claims and the government's counterclaims (Opinion), issued February 4, 2016, as well as the court's Order of November 14, 2016 (Clarification Order). That order provided clarification, at plaintiff's request, of the specific impact of the Opinion on the government's counterclaim for "failure to pay tax" penalties (hereinafter, "penalties"). For the reasons discussed below, plaintiff's motion is denied. Familiarity with the Opinion and Clarification Order is presumed.

**I.     Background**

Since the beginning of this litigation the government has asserted a counterclaim including, among other components, "failure to pay tax" penalties. *See* Def.'s Answer ¶¶ 31-36; Def.'s Amended Answer ¶¶ 35-38. Plaintiff repeatedly denied the legitimacy of penalties assessed by the government for the tax quarters in question. *See* Pl.'s Answer at 2; Pl.'s Amended Answer at 2. The parties embarked upon the litigation of all of plaintiff's tax liabilities, as presented

in the complaint and in the government's counterclaim, through cross-motions for summary judgment. *See* Jt. Status Report of March 9, 2015, at 1; Pl.'s Mot. for Summary Judgment of April 8, 2015, at 1; Def.'s Cross-Mot. for Summary Judgment of June 10, 2015, at 4. The only issue reserved for further discussion between the parties, once the court had ruled on the merits of the claims and counterclaims in this suit, was "any necessary recomputation of tax liabilities and interest due." Jt. Preliminary Status Report at 2; *see* Def.'s Cross-Motion for Summary Judgment of June 10, 2015, at 3 n.1 ("The amount of judgment upon defendant's counterclaim would be increased by the amount of accrued and assessed interest. . . . If the Court decides in its favor, defendant requests that the parties be allowed a period of thirty days in which to file a stipulation for entry of judgment reflecting their agreement with respect to the exact amount of the judgment to be entered on defendant's counterclaim.").

Thus, plaintiff's opportunity to challenge the legitimacy of penalties asserted in the government's counterclaim was confined to its summary judgment briefing. No such challenge, however, was raised, either in plaintiff's motion for summary judgment, or in its opposition to the government's cross-motion. Instead, plaintiff finally mustered a belated challenge to these penalties in two motions filed after the Opinion issued, first in its Motion for Clarification of Order, filed September 15, 2016, and now, in its Motion for Modification of Order. Unfortunately, it is simply too late to raise this latest challenge to the court's ruling on the merits of this case because plaintiff was required to have raised its arguments against these penalties in its summary judgment briefing. The court turns now to the standard of review for motions for reconsideration. Such motions are governed by Rule 59 of the Rules of the United States Court of Federal Claims (RCFC).

## II. Standard of Review for RCFC 59

Pursuant to the rules of this court, a plaintiff may be granted reconsideration of the court's disposition of a case "for any reason for which a new trial has heretofore been granted in an action at law in federal court [or] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." RCFC 59(a)(1)(A)-(B). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). The court must

be persuaded: "'(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice.'" *Griswold v. United States*, 61 Fed. Cl. 458, 461 (2004) (quoting *First Fed. Lincoln Bank v. United States*, 60 Fed. Cl. 501, 502 (2004)).

It is important to note that a motion for reconsideration functions not as another round of briefing, but as a request for extraordinary relief. *See Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) ("Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" (quoting *Fru Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (table))). "The purpose served is not to afford a party dissatisfied with the result an opportunity to reargue its case." *A.A.B. Joint Venture v. United States*, 77 Fed. Cl. 702, 704 (2007) (citations omitted). RCFC 59, it should be noted, does not provide an occasion for a party to raise arguments that it could have raised previously, but did not. *Four Rivers Invs., Inc. v. United States*, 78 Fed. Cl. 662, 664 (2007) (citation omitted), *aff'd*, 330 F. App'x 919 (Fed. Cir. 2009) (table); *see also Gelco Builders & Burjay Constr. Corp. v. United States*, 369 F.2d 992, 1000 n.7 (Ct. Cl. 1966) ("Litigants should not, on a motion for reconsideration, be permitted to attempt an extensive re-trial based on evidence which was manifestly available at time of the hearing.") (citation omitted). Absent extraordinary circumstances, a motion for reconsideration will not be granted. *See Caldwell*, 391 F.3d at 1235.

### III. Analysis

As the court noted in its Clarification Order, plaintiff failed to meet its burden on summary judgment to invalidate penalties on its diesel fuel excise tax liabilities. Clarification Order at 2-3 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Dallin ex rel. Estate of Young v. United States*, 62 Fed. Cl. 589, 600 (2004)). When the court granted summary judgment on the merits of the government's counterclaim regarding diesel fuel excise taxes, it also granted summary judgment on that portion of the counterclaim asserting associated penalties for failure to pay those diesel fuel excise taxes. *Id.* at 2-3 & n.1. Plaintiff now seeks extraordinary relief which would, in essence, invalidate one of the holdings encompassed in the summary judgment ruling of the Opinion issued February 4, 2016.

Plaintiff's arguments presented in its motion and reply brief, whatever their potential merit, could have been presented in plaintiff's summary judgment briefing, but were not. For this reason, reconsideration of the court's rulings regarding penalties on diesel fuel excise taxes is not warranted. *Four Rivers*, 78 Fed. Cl. at 664. The court observes, in addition, that plaintiff does not cite to an intervening change in controlling law since the Opinion issued, or to newly discovered evidence that was heretofore unavailable, and has not pointed to any manifest injustice that would flow from the court's ruling on the penalties in the government's counterclaim. Reconsideration is not available under these circumstances. *See Griswold*, 61 Fed. Cl. at 461.

Finally, the court must disagree with plaintiff that "it is impossible" for the parties to calculate the amount due on the government's counterclaim. Pl.'s Reply at 4. Reference to the certified tax assessments proffered by the government, Def.'s Exs. 4-6, and the language of the counterclaim itself, *see* Def.'s Amended Answer ¶¶ 35-37, along with the Internal Revenue Code provisions cited by defendant in its response brief, Def.'s Resp. at 2-5, provide the structure for determining the figure in question. Although plaintiff may disagree with the legitimacy of the penalties asserted by the government, such a disagreement is no impediment to the drafting of a Joint Stipulation for Entry of Judgment.[1]

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's Motion for Modification of Order, filed November 28, 2016, is **DENIED**; and,

(2) On or before **February 10, 2017**, the parties shall **FILE** their **Joint Stipulation for Entry of Judgment**, to which they shall **ATTACH** a Proposed Draft Order for the Entry of Judgment.

---

[1] The Joint Stipulation may include language which preserves plaintiff's legal position for an appeal. The court shall not entertain further requests for reconsideration of its holdings on the merits of this case.

s/Lynn J. Bush
LYNN J. BUSH
Senior Judge